A CERTIFIED TRUE COPY
ATTEST

By April Layne on Feb 20, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 20, 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AURORA DAIRY CORP. ORGANIC**
**MILK MARKETING AND SALES**
**PRACTICES LITIGATION**

MDL No. 1907

### TRANSFER ORDER

**Before the entire Panel\***: Plaintiffs in the District of Colorado *Freyre* action have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Colorado. Defendant in all actions, Aurora Dairy Corp. (Aurora), opposes plaintiffs' motion but, alternatively, supports selection of the District of Colorado as the transferee forum. Plaintiffs in the District of Colorado *Still* action and two potential tag-along actions pending in the District of Colorado support centralization in the District of Colorado. Plaintiffs in the Eastern District of Missouri action support centralization in the Eastern District of Missouri.

This litigation currently consists of four actions listed on Schedule A and pending, respectively, in the following three districts: two actions in the District of Colorado, and an action each in the Southern District of Florida and the Eastern District of Missouri.[1]

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all four actions, which are brought on behalf of putative nationwide classes, contend that Aurora misled them into believing that the milk that they purchased was "organic" or "USDA organic" when in fact the milk failed to meet organic standards, including those established by the U.S. Department of Agriculture and the federal Organic Foods Production Act, 7 U.S.C. § 6501, *et seq*. As a result, plaintiffs bring a variety of state law claims, asserting that, *inter alia*, they have paid artificially high prices for Aurora's organic milk. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judge Heyburn took no part in the disposition of this matter.

[1] In addition to the four actions now before the Panel, the parties have notified the Panel of eleven related actions pending, respectively, as follows: four actions in the District of Colorado, two actions in the Northern District of California, and an action each in the Eastern District of Arkansas, the District of Minnesota, the Eastern District of New York, the Southern District of New York, and the Western District of Washington. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Aurora opposes centralization, asserting that, *inter alia*, transfer of the actions under Section 1407 is unnecessary because voluntary alternatives to Section 1407 are superior. We respectfully disagree. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the Eastern District of Missouri, where the first-filed action is pending, is an appropriate transferee forum for this litigation. Given the geographic dispersal of the constituent actions and the potential tag-along actions, the Eastern District of Missouri offers a relatively convenient forum for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable E. Richard Webber for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: Sherry Compton    2/28/08
                    DEPUTY CLERK

## SCHEDULE A

District of Colorado

Rebecca Freyre, et al. v. Aurora Dairy Corp., C.A. No. 1:07-2183
Mona Still, et al. v. Aurora Dairy Corp., C.A. No. 1:07-2188

Southern District of Florida

Maya Fiallos v. Aurora Dairy Corp., C.A. No. 1:07-22748

Eastern District of Missouri

Kristine Mothershead, et al. v. Aurora Dairy Corp., C.A. No. 4:07-1701